# EXHIBIT A

CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY AGREEMENT ("Agreement") is entered as of **December 1, 2012** by and between **Stone Gate Foods, Inc. (?)** and **Super Chefs, Incorporated.**

WHEREAS, in connection with the pursuit, evaluation and/or feasibility of a business relationship and/or the consummation of a business transaction between **Super Chefs, Incorporated** and Stone Gate Foods, Inc. (collectively the "Business Purposes"), confidential information of one of the parties hereto (the "Disclosing Party") may become available to the other party hereto (the "Receiving Party"); and

WHEREAS each Receiving Party acknowledges that the confidential information of Disclosing Party is a valuable and necessary asset which it must retain in confidence and withhold from disclosure and availability to others.

NOW, THEREFORE, in consideration of the disclosure and the other undertakings giving rise to such disclosure, it is hereby agreed as follows:

1.  **Confidential Information.** For purposes of this Agreement, confidential information shall mean all information relating to formulas, manufacturing and/or production processes, recipes, customer lists and information, supplier lists and information, personnel of Disclosing Party, manuals, drawings, plans, designs, specifications, configurations, technologies or theory and all other information which may be disclosed by a Disclosing Party or to which a Receiving Party may be provided access to by a Disclosing Party, whether orally or in writing in accordance with this Agreement, or which is generated as a result of or in connection with the Business Purposes, which is not generally available to the public, (hereinafter collectively referred to as "Confidential Information").

2.  **Non-Disclosure Obligations.** Except as authorized by this Agreement or as otherwise authorized in writing by a Disclosing Party, each Receiving Party promises and agrees to receive and hold the Confidential Information in confidence. Without limiting the generality of the foregoing, each Receiving Party further promises and agrees:

    a.  to protect and safeguard the Confidential Information of the Disclosing Party against unauthorized use, publication or disclosure.

    b.  not to use any of the Confidential Information of the Disclosing Party except for the Business Purposes;

    c.  not to directly or indirectly, through any action or knowing inaction, reveal, report, publish, disclose, transfer or otherwise use any of the Confidential Information of the Disclosing Party, except as specifically authorized by Disclosing Party in accordance with this Agreement;

d.  not to use any Confidential Information of the Disclosing Party to unfairly compete or obtain unfair advantage vis a vis Disclosing Party in any commercial activity which may be comparable to the commercial activity contemplated by the parties in connection with the Business Purposes;

e.  to restrict access to the Confidential Information of the Disclosing Party to those of its officers, directors, and employees who clearly need such access to carry out the Business Purposes and to not communicate or disclose, through any action of knowing inaction, to any third party or uninvolved employee, Confidential Information of the Disclosing Party or the existence of this Agreement and/or that Confidential Information has been disclosed to Receiving Party or that Receiving Party is or may be working for, with or on behalf of Disclosing party;

f.  to advise each of the persons to whom it provides access to any of the Confidential Information of the Disclosing Party, that such persons are strictly prohibited from making any use, publishing or otherwise disclosing to others, or permitting others to use for their benefit or to the detriment of the Disclosing Party, any of the Confidential Information of the Disclosing Party.

g.  to not make, photocopy, or otherwise reproduce or disclose any documents or copies of documents containing disclosures of Confidential Information of the Disclosing Party and any portion thereof except as may be necessary for use by Receiving Party to carry out the Business Purpose.

3.     **Exceptions.**  The Confidentiality obligations hereunder shall not apply to Confidential Information which:

a.     is, or later becomes, public knowledge other than by breach of provisions of this Agreement; or

b.     is in the possession of a Receiving Party with the full right to disclose prior to its receipt from the Disclosing Party; or

c.     is independently received by a Receiving Party from a source other than by known breach of a confidentiality obligation owed to the Disclosing Party; or

d.     is independently developed by a Receiving Party without the use of the Disclosing Party's Confidential Information; or

e.     Is approved in writing by the Disclosing Party for release by a Receiving Party.

4.   **Notice of Misappropriation.** Each Receiving Party will promptly inform the Disclosing Party in writing of any misappropriations, unauthorized use, or disclosure of its Confidential Information in violation of the Agreement that may come to its attention.

5.   **No Right to Confidential Information.** Each Receiving Party hereby agrees and acknowledges that no license, either, express or implied, is hereby granted to Receiving Party by the Disclosing Party to use any of its Confidential Information.

6.   **Return of Information.** Upon the written request of a Disclosing Party, the Receiving Party shall return all Confidential Information represented in written form or any other media to Disclosing Party, including, but not limited to, papers, documents, designs, manuals, specifications, schematics, software, or any other materials or models.

7.   **Equitable Relief.** Each Receiving Party acknowledges that the unauthorized disclosure, use or misappropriation of the Disclosing Party's Confidential Information could cause irreparable harm and significant injury that may be difficult to ascertain. Accordingly, each Receiving Party agrees that the Disclosing Party shall have the right to seek an immediate injunction prohibiting further disclosure, use and/or misappropriation of such Disclosing Party's Confidential Information, or unauthorized competitive activities, and enjoining any breach or threatened breach of the Agreement in addition to any other remedies to which it may be entitled.

8.   **Attorney's Fees.** In any action relating to this Agreement, the prevailing party shall be entitled to its attorney's fees in addition to any other recovery awarded.

9.   **Successors and Assigns.** This Agreement and each party's obligations hereunder shall be binding on the representatives, successors and assigns of such party and shall inure to the benefit of the representatives, assigns and successors of the other party hereto. Neither party shall have any right to assign its rights under this Agreement whether voluntarily or by operation of law, without the prior written consent of the other party.

10.   **Entire Agreement.** This Agreement constituted the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior oral or written agreements or understandings with respect thereto. This Agreement shall only be modified in writing by a document signed by both parties hereto.

11.   **Term.** This Agreement shall survive for one year after the business relationship or consummation of the business transaction between the parties; however, any confidential how-how, formulas, recipes, or trade secrets will survive until such time as they become part of the public domain.

12.   **Governing Law/Jurisdiction.** In any action concerning the enforcement or interpretation of the Agreement, the prevailing party shall be entitled to recover its actual attorneys' fees and costs. This Agreement is made in the State of California and shall be governed by the laws of California. Each party also hereby irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the courts of the United States of America located in Los Angeles, California for any actions, suites or proceeding arising out of or relating to this Agreement and the transactions contemplated hereby (and each agrees not to commence any action, suit or proceedings relating thereto except in such courts), and further agrees that service of any process, summons notice, or document by United States registered mail to its address set forth above shall be effective service of process for any action, suit, or proceeding brought against it and any such court. Each party hereby irrevocably and unconditionally waives any objection to the venue of any action, suit, or proceeding arising out of this Agreement in the courts of the United States of America located in the City of Los Angeles, California, and hereby further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit, or proceeding brought in any such court has been brought in any inconvenient forum.

WHEREFORE, the parties hereto have entered into this Confidentiality Agreement on the day and year first above written.

STONE GATE FOODS, INC.

By: _Robert Eversman_

Its: _VP Sales + MKT_

SUPER CHEFS, INCORPORATED

By: Jerry Packer

Its: President