UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPER CHEFS, INC., a Nevada Corporation,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>SECOND BITE FOODS, INC., a Minnesota Corporation, dba STONE GATE FOODS; TRUDEAU FOODS, LLC, a Delaware Limited Liability Company, dba STONE GATE FOODS; UNITED NATURAL FOODS, INC., a Delaware Corporation; and DOES 1 through 100,<br><br>　　Defendants. | CASE NO. 2:15-CV-00525-SJO (FFMx)<br><br>*HON. S. JAMES OTERO*<br><br>**[PROPOSED]** PROTECTIVE ORDER |

　　This Protective Order is issued pursuant to the Parties' stipulation submitted to this Court on October 14, 2015.

　　1.　　This Protective Order applies to and governs any information, documents, and things produced or provided by a party or non-party that the disclosing party designates under this Protective Order, including without limitation production documents, electronically stored information ("ESI"), things, answers to interrogatories, responses to requests for admissions, and depositions, as well as testimony adduced at trial or a hearing or any matters in evidence. **(FFM)**

2. A. Any party to this action or any non-party providing information or discovery in this action ("designating party") shall have the right to designate as "Confidential Information" any information, document, or thing which it is disclosing and which it believes in good faith constitutes, contains, embodies, or reflects trade secrets or other non-public and confidential technical, commercial, financial, or business information, or other valuable information covered by a legitimate privacy right or interest.

B. "Confidential Information" shall not include any information, document or thing which:

(i) at the time of the disclosure hereunder is available to the public; or

(ii) after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

(iii) the receiving party can show: (a) was already known to the receiving party; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a non-party having the right to make such a disclosure.

3. Confidential Material must be designated as follows:

A. Mark paper materials "CONFIDENTIAL."

B. Mark electronic materials "CONFIDENTIAL" by marking the electronic storage medium. To the extent ESI is produced in Native Format, the electronic file and folder name should indicate that it is CONFIDENTIAL as well.

C. Designate deposition transcripts as Confidential Material within 10 days of receipt of the final transcript by identifying the specific page(s) and line number(s) that are confidential. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until the time for designation expires.

///

4. An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

5. If the receiving party believes in good faith that a document or documents have been improperly designated Confidential, that party may send a written objection to the designating party, indicating the Bates Number of (or otherwise identifying) the exact document(s) in question. The designating party shall respond in writing within five (5) days of the written objection, either indicating that it will remove the designation or otherwise justifying the designation. If the number of disputed documents is large, the designating party may request an extension of time to respond. If the parties cannot agree on the designation of any document, the receiving party may make a motion for dedesignation. **Such motion must comply with Local Rule 37. (FFM)** However, the receiving party shall not file a motion for dedesignation until expiration of the five (5) days following the written objection, or any extension given. On a motion for dedesignation, the designating party bears the burden of establishing that the designation is proper. During pendency of a motion for dedesignation, the parties shall treat all designated documents as Confidential Material. The five day period of this paragraph shall be counted in accordance with Fed. R. Civ. P. 6.

6. Confidential Material, and any information copied or extracted therefrom, may only be disclosed to:

    A. the Court and court personnel;

    B. the parties' outside counsel and designated employees only to the extent necessary to assist in the litigation;

    C. the Temporary Receiver appointed by the Court, and its employees, provided that each employee agree in writing to abide by this protective order;

///

        D.    experts and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this protective order;

        E.    any person who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material; and

        F.    witnesses and their counsel, provided that they agree in writing to abide by this protective order.

7.    Disclosure of confidential material or any information copied or extracted therefrom to any person described in Paragraph 6 shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom, and for no other purpose whatsoever.

8.    Any Party that wishes to file Confidential Material shall follow the procedures in Judge Otero's Standing Order, paragraph 28, in a good faith attempt to file the materials under seal.

9.    At the conclusion of this case, all Confidential Materials held by the parties, their counsel, experts, consultants or other person retained to assist counsel in the preparation of this action shall be destroyed or returned to the designee, within thirty days of the termination of the proceedings. Outside counsel for the parties to this action may retain copies of court filings, discovery responses, deposition and hearing transcripts, and documents provided pursuant to the Court's scheduling orders containing "Confidential Information" provided that all such documents will be held for their internal use only, subject to the continuing obligations imposed by this Protective Order.

10.    This Order continues to govern Confidential Information after conclusion of the case absent further order of the Court.

11.    The terms of this Protective Order are applicable to information produced by a Party or Non-Party in this action and designated as "CONFIDENTIAL."

12. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided herein. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

13. A. The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

B. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

C. If a receiving party discovers that discovery may have been inadvertently or unintentionally produced, it shall promptly notify the producing party. If a party or non-party requests the return, pursuant to this paragraph, of any discovery, the receiving party(ies) shall not use or disclose, and shall immediately cease any prior use of, such materials and shall return to the party or nonparty the materials or confirm that the materials have been destroyed and in either case destroy all copies thereof.

14. The designation of information, documents, or things as "Confidential Information" pursuant to this Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable or admissible. Nor shall the inspection or receipt by a party to this action of information, documents, or things designated as "Confidential Information" hereunder constitute a concession that the information, documents, or things are confidential.

///

15.     Nothing in this Protective Order shall require disclosure of information, documents, or things which the designating party contends is protected from disclosure by an applicable privilege, or the disclosure of which would breach an express or implied agreement with a non-party to maintain such information, documents, or things in confidence.  Nothing in this Protective Order will preclude any party to this action from moving the Court for an order directing the disclosure of such withheld information, documents, or things.

16.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice with respect to this action and, in the course thereof, from generally referring to or relying upon the attorney's examination or receipt of "Confidential Information." In rendering such advice or in otherwise communicating, the attorney shall not disclose the specific content of any information, document, or thing identified as "Confidential Information" by a designating party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**17.     If a party to whom "Confidential Information" material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any "Confidential Information" materials in advance of the date required by the**

/ / /
/ / /
/ / /
/ / /
/ / /

**subpoena or order. Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

  IT IS SO ORDERED.

Dated: October 19, 2015      /S/ FREDERICK F. MUMM
                   Honorable Frederick F. Mumm
                   United States Magistrate Judge